IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BARRY LONDON                                                                                            PLAINTIFF

v.                                        Case No. 6:14-cv-6088

BRUSH-STRODE, *et. al.*                                                                          DEFENDANTS

## ORDER

On August 6, 2014, Plaintiff Barry D. London submitted this *pro se* action for filing. (ECF No. 1). Currently before the Court is Plaintiff's failure to comply with Court orders and failure to prosecute.

## BACKGROUND

Beginning in February 2014, the Plaintiff has filed three lawsuits in this Court, Case No. 6:14-cv-6017, Case No. 6:14-cv-6058, and the instant case, 6:14-cv-6088. In each of these cases, Plaintiff has filed to comply with the Court's orders.

### Case No. 6:14-cv-6017

On February 7, 2014, Plaintiff filed in Case No. 6:14-cv-6017 in the Western District of Arkansas. On November 25, 2014, Plaintiff was ordered to complete and sign a Summary Judgment Questionnaire by December 23, 2014, in order to respond to a motion for summary judgment. (ECF No. 45). Plaintiff did not complete the questionnaire or respond to the Court's Order.

On January 12, 2015, the Court ordered Plaintiff to complete a second Summary Judgment Questionnaire by February 2, 2015, in order to respond to another summary judgment motion. (ECF No. 52). Plaintiff responded on February 11, 2015, with a postmark date of February 5, 2015. (ECF No. 55).

1

A Report and Recommendation ("R&R") was filed by Magistrate Judge Barry A. Bryant on July 20, 2015. In the R&R, Plaintiff was directed to file any objections no later than August 6, 2015. (ECF No. 56). Plaintiff filed an objection to the R&R on August 12, 2015, with a postmark date of August 10, 2015. (ECF No. 58). On September 23, 2015, the Court adopted the R&R and Plaintiff's Complaint was dismissed with prejudice. (ECF No. 61).

On October 21, 2015, Plaintiff appealed the dismissal of his case to the Eighth Circuit Court of Appeals. (ECF No. 63). On November 2, 2015, the Court of Appeals entered an Order directing Plaintiff to either pay the filing fee or submit an *in forma pauperis* ("IFP") application with this Court within twenty-one days. (ECF No. 67). Plaintiff did not comply with this Order and the case is closed.

Case No. 6:14-cv-06058

On April 14, 2014, Plaintiff filed this suit in the Eastern District of Arkansas. (ECF No. 1). On April 24, 2014, the case was properly transferred to the Western District of Arkansas. (ECF No. 3).

On March 30, 2015, mail sent to Plaintiff at the Ouachita River Unit of the Arkansas Department of Correction ("ADC") was returned as undeliverable, noting that Plaintiff had been paroled and was no longer with the ADC. On April 7, 2015, the Court granted Defendants' Motion to Take Plaintiff's Deposition. (ECF No. 19). On April 16, 2015, mail sent to Plaintiff at the Ouachita River Unit was again returned as undeliverable. On that same day, the Court entered an Order changing Plaintiff's address to the home address he provided to the detention center when he was booked.[1] (ECF No. 21). In the Order, Plaintiff was reminded of his obligation to keep the Court

---

[1] This Order, along with all previously returned mail, was mailed to 8 Howell Drive, Little Rock, Arkansas, 72204.

2

informed of his address at all times, and warned that failure to do so would result in dismissal of his case. The Order was not returned as undeliverable.

On May 1, 2015, the Court entered an Order scheduling a summary judgment hearing for October 8, 2015. (ECF No. 22). On October 1, 2015, the hearing was rescheduled for January 14, 2016 at 10:00 a.m. at the Federal Courthouse in Hot Springs. (ECF No. 26). Thereafter, on November 13, 2015, the Court entered an Order directing Plaintiff to respond by December 1, 2015, and inform the Court if he intended to appear for the January 14, 2016 hearing. (ECF No. 27). The Order was mailed to the Plaintiff and was not returned as undeliverable. Plaintiff did not respond to the Court's Order and did not appear at the summary judgment hearing.

Instant Case

On August 6, 2014, Plaintiff filed the Complaint in the instant case. (ECF No. 1). On August 6, 2014, the Court granted Plaintiff IFP status. The IFP Order advised Plaintiff to keep the Court apprised of any address changes or face dismissal of his case. (ECF No. 3).

On April 23, 2015, the Court granted Defendants' Motion to Depose Plaintiff. (ECF No. 22). On May 1, 2015, the Court entered an Order scheduling a summary judgment hearing for October 8, 2015. (ECF No. 24). On May 4, 2015, mail sent to the Plaintiff at the Ouachita River Unit of the ADC was returned as undeliverable, noting that Plaintiff had been paroled and was no longer with the ADC. On that same day, the Court entered an Order changing Plaintiff's address to the home address he provided to the detention center when he was booked.[2] (ECF No. 25). In the Order, Plaintiff was reminded of his obligation to keep the Court informed of his address at all times, and that failure to do so would result in dismissal of his case. The Order was not returned as undeliverable.

---

[2]This Order, along with all previously returned mail, was mailed to 8 Howell Drive, Little Rock, Arkansas, 72204.

On May 14, 2015, the Court entered an Order to Show Cause directing Plaintiff to show cause by May 28, 2015 why he had failed to keep the Court informed of his current address. (ECF No. 26). Plaintiff responded on June 1, 2015, stating he had given a forwarding address to ADC when he was paroled.

On August 19, 2015, Defendants filed a Motion to Dismiss for Failure to Prosecute. (ECF No. 31). In the Motion, Defendants stated that Plaintiff failed to appear at his scheduled deposition and failed to communicate with any counsel regarding the notice of deposition, his appearance, or lack thereof. On August 31, 2015, Plaintiff responded to the motion stating that he did not receive the deposition notice. (ECF No. 38).

On October 1, 2015, the summary judgment hearing, scheduled for October 8, 2015, was rescheduled for January 14, 2016 at 11:00 a.m. at the Federal Courthouse in Hot Springs. (ECF No. 42). Thereafter, on November 13, 2015, the Court entered an Order directing Plaintiff to respond by December 1, 2015, and inform the Court if he intended to appear for the January 14, 2016 hearing. (ECF No. 44). The Order was mailed to the Plaintiff and was not returned as undeliverable. Plaintiff did not respond to the Court's Order and did not appear at the summary judgment hearing.

At approximately 1:00 p.m. on January 14, 2016 Plaintiff telephoned the Clerk's office in Fort Smith and stated that he thought the summary judgment hearing was scheduled for the next day. He gave no reason for the mistake. Plaintiff was then advised by the Court that he had until January 20, 2016 to file a written response to Defendants' pending summary judgment motions. Later that day, the Court entered a written Order setting forth this deadline.

On January 20, 2016, the date Plaintiff's response was due, he called the Clerk's office in Fort Smith to inform them that he had completed his response and wanted to know if it could be faxed to the Court. Because the Order did not permit faxing, the Clerk's office directed Plaintiff to

4

mail his response. His response was received on January 22, 2016, with a postmark of January 20, 2016. Plaintiff did not respond to Defendants' Summary Judgment Motion as ordered by the Court. Instead, he repeated his allegation that while he was incarcerated in the ADC, Defendants were deliberately indifferent to his serious medical needs. (ECF No. 49).

LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a

Court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

## DISCUSSION

Plaintiff has demonstrated a consistent pattern of willful disobedience of the Court's orders. He has failed to keep the Court apprised of his current address as directed. He has failed to comply with multiple Court orders in this case, as well as those entered in other cases filed in this Court. He has failed to comply with an order entered in his appeal before the Eighth Circuit Court of Appeals. Plaintiff has also failed to prosecute his cases by failing to appear at a scheduled deposition and failing to appear at two summary judgment hearings. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## CONCLUSION

Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 4th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge